UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRISTOPHER E. A. KLINE,

      Plaintiff,

v.

JEFFERSON S. GARTEN,

      Defendant.

Case No. 25-cv-2377-JWB-JBW

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's oral motion to move the trial location made at the May 21, 2026 Pretrial Conference (Dkt. 42). Defendant requests the Court enter an order designating Wichita, rather than Kansas City, as the place of trial pursuant to 28 U.S.C. § 1404(c) and D. Kan. Rule 40.2. At the Pretrial Conference, Defendant argued Wichita is a more convenient trial location and avoids significant travel for the majority of the material witnesses, thereby minimizing trial delays and promoting efficiency. Plaintiff opposes changing the trial location. For the reasons explained below, Defendant's oral motion to move the trial location (Dkt. 42) is GRANTED.

## I.    Procedural Background

Plaintiff filed this action asserting negligence claims arising from a collision that occurred between Plaintiff and Defendant while Plaintiff was operating a bicycle in Sedgwick County, Kansas. In the Pretrial Order, the parties stipulated that "Defendant has admitted responsibility for this collision, but denies the nature and extent of Plaintiff's injuries."[1]

---

[1] Pretrial Order, Dkt. 39, p. 2.

In the Complaint (Dkt. 1), Plaintiff designated Kansas City, Kansas as the location of the trial in this matter. Plaintiff alleges "[v]enue is proper in the Kansas City division of the Kansas District Court of the Federal District Court."[2] In the Answer, Defendant denies this allegation.[3] The parties submitted their proposed pretrial order to the Court on May 15, 2026. In the proposed pretrial order, the parties stated that venue in this Court was disputed, and Defendant believes Wichita is the proper venue.[4] Defendant also informed the Court he intended to file a motion to change the trial location to Wichita. Upon review of the proposed pretrial order, the Court entered a minute order directing the parties to meet and confer regarding trial location prior to the Pretrial Conference, and if they still disagreed, to be prepared to address the standards for determination of place of trial.[5] At the Pretrial Conference, the parties informed the Court they conferred and still had a dispute regarding the place of trial, and, in fact, the place of trial had been a recurring disagreement throughout the course of discovery. Defendant made an oral motion to move the trial location to Wichita, and the Court heard argument on the motion, which Plaintiff opposed. The Court took the issue under advisement and now enters the following order on Defendant's oral motion.

---

[2] Pl.'s Compl., Dkt. 1, ¶ 5.

[3] Def.'s Answer, Dkt. 7, ¶ 4.

[4] After discussion with the parties at the Pretrial Conference, the Court determined the parties had conflated venue with division and trial location. The United States District Court for the District of Kansas is considered one district with three divisions in Kansas City, Topeka, and Wichita. The Court explained that venue in this matter appeared proper, and that the determination of trial location was a separate inquiry. Upon the Court's explanation, the parties agreed venue in the District of Kansas is not disputed, and their dispute concerned the place of trial only. *See* Pretrial Order, Dkt. 39, p. 1–2.

[5] Order, Dkt. 37.

## II.    Legal Standards

District of Kansas Local Rule 40.2(a) requires the plaintiff to file a "request stating the name of the city where the plaintiff desires the trial to be held." However, the Court is not bound by the request for place of trial and it "may determine the place of trial upon motion or in its discretion."[6] In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[7] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[8]  Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1404(a) gives "a district court broad discretion in deciding a motion to transfer" on a "case-by-case" basis.[9] In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[10] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of

---

[6] D. Kan. Rule 40.2(e).

[7] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[8] 28 U.S.C. § 1404(a).

[9] *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[10] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1515–16).

3

transfer,[11] and the party moving to transfer a case bears the burden of establishing the existing forum is inconvenient.[12]  Indeed, courts in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient."[13]

### III.    Analysis

#### A.    Plaintiff's Choice of Forum

Generally, "[t]he plaintiff's choice of forum weighs against transfer."[14] "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[15] However, the plaintiff's choice of forum receives less deference if the plaintiff does not reside there or if "the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[16]

Plaintiff filed his Complaint in the Kansas City division and designated Kansas City as the place of trial. At the time the Complaint was filed, Plaintiff resided in California. Plaintiff's counsel informed the Court that Plaintiff has since moved to Dallas, Texas. Plaintiff did not provide the Court with a reason for designating Kansas City as the place of trial other than that he believes

---

[11] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

[12] *Scheidt,* 956 F.2d at 965.

[13] *Spires*, 2006 WL 1642701, at *3; *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

[14] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

[15] *Id.* (quoting *Scheidt,* 956 F.2d at 965).

[16] *Emps. Mut. Cas.*, 618 F.3d at 1167 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993)).

travel from Dallas to Kansas City—despite the difference in proximity—would be easier and cheaper than travel from Dallas to Wichita.

Given that Plaintiff does not reside in the District of Kansas at all, and all of the material events occurred in the Wichita area, the Court is not persuaded Plaintiff's choice of Kansas City should be afforded great weight. Kansas City has little to no connection to the facts underlying the cause of action. Upon reading the Complaint, Kansas City is not mentioned. No counsel are located in Kansas City. The allegations of negligence took place entirely in Wichita. Thus, the Court finds the nexus to Wichita and lack of connection to Kansas City counsels against affording deference to Plaintiff's choice of trial location.

B.      Convenience and Accessibility of the Witnesses and Evidence

As this Court has emphasized, "[i]n deciding a motion to transfer under § 1404(a), the relative convenience of the forum is 'a primary, if not the most important, factor to consider.'"[17] Specifically, "[c]onvenience of the non-party witnesses is the most important factor to be considered."[18] Ultimately, the Court will grant Defendant's transfer motion only if it finds Kansas City to be substantially inconvenient for non-party witnesses, not just that Wichita is marginally more convenient.[19] Such inconvenience requires that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[20] The moving party

---

[17]*LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)).

[18] *Meek & Assocs., Inc. v. First Union Ins. Grp.*, No. 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001).

[19] *See Menefee*, 2009 WL 1313236, at *2.

[20] *McIntosh*, 2015 WL 1646402, at *2.

must therefore "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[21]

During the Pretrial Conference, the Court inquired with the parties regarding the location of the witnesses. Plaintiff provided that he intends to call several witnesses to testify as to damages, including, but not limited to: Dr. Sarpong of Dallas, Texas; Tracy Wingate of Olathe, Kansas; and Dr. Korrigan of Wichita, Kansas. Plaintiff also states he will call witnesses such as Plaintiff's father and friends who reside in California and Texas. Defendant stated that in addition to Dr. Korrigan, he intends to call several of Plaintiff's treating physicians, including two physicians located in the Wichita area Plaintiff saw for treatment of injuries to his knee and back. Defense counsel explained that most of Plaintiff's medical care took place in Wichita, and nearly all of Plaintiff's treating physicians are located in the Wichita area.

The parties' respective Rule 26(a)(1) initial disclosures list Wichita-, Texas-, and California- based witnesses. Most of the witnesses disclosed in Plaintiff's initial disclosures are Wichita-based. Plaintiff lists twenty-three Wichita-based witnesses, all of whom are alleged to have knowledge of Plaintiff's injuries, damages, and/or medical treatment. Plaintiff also lists two witnesses located in Dallas, Texas, and one witness located in Modesto, California. All of the witnesses provided in Defendant's initial disclosures are Wichita-based.

Defendant argues that nearly all of the witnesses will be treating physicians and other healthcare providers with active medical practices in the Wichita area and travel to Kansas City for trial would be highly burdensome on those witnesses. Plaintiff argues any potential

---

[21] *Emps. Mut. Cas.* 618 F.3d at 1167 (quoting *Scheidt*, 956 F.2d at 966).

inconvenience to witnesses who reside and work near Wichita does not justify a change of place of trial. Plaintiff again argues that several of the witnesses will be required to travel regardless of the place of trial, and Kansas City provides more frequent and less costly flights than Wichita. Plaintiff also suggests the Wichita-based witnesses can participate remotely via videoconference to minimize travel burdens and logistical hardship on them, or the witnesses can sit for evidentiary depositions prior to trial.

The Court finds Defendant has met its burden by showing that the non-party witnesses whose testimony would be most material to the parties' claims and defenses are located in Wichita and therefore they would be substantially inconvenienced by being required to travel from Wichita to Kansas City to testify at trial. Although it is unclear how many of these witnesses Defendant would actually call to testify at trial, these witnesses would also be more accessible if the trial is held in Wichita where they live and work. Besides Tracy Wingate, no witnesses reside in the Kansas City area. And the witnesses located in Texas and California would be required to bear the burden of travel regardless of whether the trial is in Wichita or Kansas City.  Further, because the parties have stipulated to liability in this matter, nearly all of the witnesses will be healthcare providers, most of which are located in the Wichita area, with patient schedules that travel to Kansas City for trial would disrupt. The Court does not agree that because some witnesses will be coming from out of state, the trial should be in Kansas City. Further, given that the substantial majority of witnesses are located in Wichita, the Court finds it impractical to require those witnesses to participate remotely or to sit for evidentiary depositions prior to trial, rather than providing live testimony. Therefore, the Court finds this factor weighs in favor of transferring trial to Wichita.

*C.     Fair Trial and Other Considerations*

The final two factors are the possibility of obtaining a fair trial and "all other practical considerations that make a trial easy, expeditious, and economical."

Defendant maintains if trial is held in Wichita, the parties would more likely be able to secure the attendance of the Wichita-based individuals as witnesses. Given that most of the witnesses in this action will be medical providers, Defendant argues they will have difficulty arranging their schedules and patients' care to travel to Kansas City during the 4 day trial.

Plaintiff argues transferring the trial location to Wichita would place unnecessary burdens on him by requiring him to incur higher travel costs and impose logistical difficulties on him and the other out of state witnesses. Plaintiff also argues travel to Kansas City is more cost effective. Although it is possible that Plaintiff is correct that flights to Wichita would be more expensive, a comparison of flight options for witnesses traveling from Texas and California to Kansas City or Wichita, respectively, cannot be done without additional information about other considerations such as which airports the out of state witnesses would be using, estimates of how much longer the travel would take, or what the additional costs would be.[22] Further, this Court has found in a case where the majority of witnesses lived in Wichita, and the non-resident plaintiff and her experts would be required to travel from out of state regardless, Wichita was a more convenient trial location under § 1404(a).[23] The Court stated:

> Plaintiff makes a particularly unavailing argument that her current treating physicians and unidentified experts will be coming to Kansas from out of state, so the trial should be held in Kansas City to accommodate these witnesses. As out-of-state witnesses, these physicians and experts will bear the burden of travel

---

[22] *See LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *5 (D. Kan. Jan. 19, 2018).

[23] *See Callahan v. Bledsoe*, No. 16-CV-2310-JAR-GLR, 2017 WL 1303269, at *4–5 (D. Kan. Apr. 6, 2017).

regardless of whether the trial is in Wichita or Kansas City. The Court does not agree that because witnesses will be coming from out of state, the trial should be held in Kansas City. As the Court has previously explained, to the extent that Plaintiff requests the Court take judicial notice of a price difference in flights to Kansas City and Wichita, the Court declines to do so. These out-of-state witnesses may fly to Wichita rather than Kansas City.[24]

The Court, based on counsel's arguments and the precedent of this District, finds this factor weighs in favor of Wichita as the trial location.

D.      *Conclusion*

Based on the arguments presented, the Court is persuaded that it is appropriate trial be held in Wichita. Although Plaintiff's designation of Kansas City as the preferred choice for the place of trial is entitled to deference, this factor was ultimately accorded little weight or was neutral given the lack of ties to Kansas City and Plaintiff's ability to travel to Wichita. The balance of the other factors and circumstances surrounding this case override that factor. The majority of the witnesses are from the Wichita area, and all counsel are located in the Wichita area. Ultimately, this Court finds it will be more convenient to try this case in Wichita, and substantially inconvenient for the case to be tried in Kansas City.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Designate Wichita as the Place of Trial (Dkt. 42) is GRANTED. Trial shall be held in Wichita.

**IT IS SO ORDERED.**

Dated June 10, 2026, in Kansas City, Kansas.

Jennifer   B.   Wieland
U. S. Magistrate Judge

---

[24] *Id.*